## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DEJEAN DECILIEN,

      Petitioner,

      v.                                                Civ. No. 26-482 JB/SCY

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal Operations,
El Paso Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before me on Petitioner Dejean Decilien's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docs. 1, 4) and the Federal Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 7).[1] United States District Judge James Browning referred this case to me under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 5. Having reviewed the briefs and the law, I recommend that the Court grant the motion to dismiss and deny the petition for writ of habeas corpus.

---

[1] Although the motion to dismiss is only filed on behalf of Respondents Secretary of Homeland Security, the Attorney General of the United States, the Acting Director of the Immigration and Customs Enforcement, and the El Paso Field Office Director of ICE, those Federal Respondents acknowledge that "all arguments made on behalf of the [federal] respondents apply equally to the Warden." Doc. 7 at 1 n.1.

## BACKGROUND[2]

Petitioner Dejean Decilien is a citizen of Haiti who was admitted to the United States on November 17, 2013 on a B2 tourist visa, with authorization to remain in the United States until May 16, 2014.[3] Doc. 7-1 at 1; Doc. 4 at 29, 45; Doc. 14 at 35. Mr. Decilien remained in the United States passed that deadline and, at some point, filed an application for temporary protected status and an application for asylum. *See* Doc. 7-2 at 2; Doc. 1 at 21 & Doc. 10 at 11 (request for evidence regarding application for temporary protected status, dated April 29, 2025); Doc. 1 at 42 & Doc. 10 at 12 (fingerprint notification regarding application for asylum, dated December 24, 2014); Doc. 4 at 45, 55-67 (asylum application).

On August 25, 2025, the Ector County Sheriff's Office in Odessa, Texas arrested Mr. Decilien on a "local warrant." Doc. 7-2 at 2. He was released on those charges on December 17, 2025, immediately arrested on a warrant for an immigration violation, served a Notice to Appear for Section 240 immigration removal proceedings, and transferred to immigration detention. Doc. 7-2 at 2; Doc. 7-1; Doc. 7-3.

Mr. Decilien appeared before an Immigration Judge ("IJ") on February 4, 2026 for a bond hearing. Doc. 7-4; Doc. 4 at 39. The IJ denied bond because "Respondent has been arrested or charged with three (3) offenses since 2022 for various charges including Obstruction of

---

[2] Because the Federal Respondents mount a factual attack on whether the Court has subject matter jurisdiction over Mr. Decilien's claims, the Court may look at evidence outside the complaint. *Paper, Allied-Indus., Chem. and Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

[3] Mr. Decilien's immigration paperwork contains conflicting dates as to when he first entered the United States. *See* Doc. 7-1 & Doc. 4 at 28 (Notice to Appear, listing arrival date of April 13, 2013); Doc. 4 at 29 (Additional Charges of Inadmissibility, listing arrival date of November 17, 2013). The difference, however, is immaterial as there is no dispute that, at of the time of his immigration arrest, Mr. Decilien had overstayed his B2 visa.

Justice, Accident-Striking a fixed object, and Bond Forfeiture. The court found the Respondent to be a flight risk due to his criminal history." *Id.*

Mr. Decilien filed the present Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 on February 19, 2026, Doc. 1, and a supplement on March 11, 2026. Doc. 4. On February 23, 2026, the Court ordered the Federal Respondents to file a response to the petition by March 9, 2026. Doc. 3. The Federal Respondents missed that deadline and on March 16, 2026 filed a motion to dismiss.[4] Doc. 7. Mr. Decilien submitted several letters in response to the motion to dismiss. Docs. 10, 11, 12, 13, 14, 15.

According to a search on the website for the Executive Office for Immigration Review, Mr. Decilien was ordered removed on March 17, 2026, and an appeal to the Board of Immigration Appeals is currently pending.[5] *See* Exhibit A; *see also* Doc. 15 at 12-13 (filing receipt for appeal).

---

[4] As explanation for the missed deadline, the Federal Respondents provide that

> The Court may take judicial notice that the service process has recently changed on habeas matters in the District of New Mexico. Due to the escalating influx of petitions and orders received, USAO-NM experienced a backlog of cases that are currently being cleared as quickly and thoroughly as possible. Respondents did not willfully disregard the Court's order for a response and respectfully request that this Motion to Dismiss be considered on the merits.

Doc. 7 at 1-2 n.1. The Standing Order regarding service, however, was entered January 28, 2026, before the present case was even filed. *See* Standing Order, filed January 28, 2026 in 26-MC-00004-03 (Doc. 3). Further, the Federal Respondents have offered this same explanation in another habeas case for their failure to meet deadlines. *See* Hearing Minutes, *Bugueno Pena v. Rodriguez*, 25cv1310 JB/SCY, Doc. 14 (D.N.M. Feb 25, 2026). However, given that the United States has since taken measures to address the volume of habeas petitions (enlisting criminal AUSAs to address the volume), I do not recommend that the Court deny the motion to dismiss as untimely.

[5] I take judicial notice of the content of this government agency website. *See, e.g.*, *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig.*, 288 F. Supp. 3d 1087, 1210 (D.N.M. 2017) (J. Browning) (taking judicial notice of documents "available on a federal agency's website").

## ANALYSIS

### 1. Bond Hearing

In his petition, Mr. Decilien asserts that he is entitled to release from detention on bond. Doc. 1 at 6. "The Immigration Nationality Act ('INA') 'contemplates two detention regimes for noncitizens pending removal proceedings.'" *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-CV-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025) (quoting *Salazar v. Dedos*, No. 25-835-DHU-JMR, 2025 WL 2676729, at *3 (D.N.M. Sept. 17, 2025)).

> The first detention regime provides that when "an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted," the noncitizen "shall be detained" for removal proceedings. 8 U.S.C. § 1225(b)(2)(A). This provision "mandates detention" and affords no bond hearing. *Salazar*, 2025 WL 2676729, at *3. The second detention regime authorizes the arrest and detention "on a warrant issued by the Attorney General" of noncitizens "pending a decision on whether [they are] to be removed." 8 U.S.C. § 1226(a). "Under federal regulations, noncitizens detained under" this second detention regime "are entitled to individualized bond hearings at the outset of detention." *Salazar*, 2025 WL 2676729, at *3 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). At the bond hearing, "the burden is on the noncitizen to demonstrate that their 'release would not pose a danger to property or persons, and that [they are] likely to appear for any future proceeding.'" *Id.* at *6 (quoting 8 C.F.R. § 236.1(c)(8)).

*Id.*

Here, the Federal Respondents agree that Mr. Decilien, as a noncitizen who overstayed a visa, is detained pursuant to Section 1226(a), and therefore entitled to a bond hearing. Doc. 7 at 2. Fatal to Mr. Decilien's petition, however, are the facts that he has already received a bond hearing, Doc. 7-4, and that he has not otherwise shown he is entitled to release. I therefore agree with the Federal Respondents that Mr. Decilien's claim for release on bond is moot. Because the

claim is moot, I recommend the Court dismiss it without prejudice for lack of jurisdiction.[6] *See*

*Keller Tank Servs. II, Inc. v. Comm'r of Internal Revenue*, 854 F.3d 1178, 1192–93 (10th Cir.

2017) ("This court lacks subject matter jurisdiction if a case is moot.").

Additionally, to the extent Mr. Decilien is seeking to challenge the outcome of his bond

hearing, "[a]n IJ's bond determination is 'discretionary' and 'not subject to review.'"

*Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17,

2025) (quoting 8 U.S.C. § 1226(e)); *see also Lleshi v. Noem*, No. 1:26-CV-00032-KWR-SCY,

2026 WL 837006, at *2 (D.N.M. Mar. 26, 2026) ("[T]he Court does not have jurisdiction to

review an IJ's 'discretionary and factual determinations.'") (quoting *Tobar v. Gonzales*, 200 F.

App'x 796, 799 (10th Cir. 2006)).

## 2. Continued Detention

Mr. Decilien argues that he has been detained for more than six months in violation of his

due process rights. Doc. 1 at 7.[7] To the extent Mr. Decilien is making a claim for relief under

*Zadvydas v. Davis*, I recommend the Court reject that claim. Chief Judge Gonzales has

succinctly set forth the appropriate framework for analysis of a *Zadvydas* claim:

> Under the Immigration and Nationality Act ("INA"), when a noncitizen is ordered
> removed, the Government must execute the removal within a 90-day "removal
> period." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney
> General shall detain the alien." § 1231(a)(2). As relevant here, the "removal
> period begins" when the removal order "becomes administratively final."
> § 1231(a)(1)(B).

---

[6] Because I recommend dismissing this claim for lack of jurisdiction, the Court need not address
the Federal Respondents' argument that Mr. Decilien failed to exhaust his administrative
remedies. Doc. 7 at 4.

[7] In making this calculation, Mr. Decilien appears to include the time he was detained by the
Ector County Sheriff's Office, as he has only been in immigration detention since December 17,
2025.

> Although the Government may continue to detain an "inadmissible" noncitizen beyond the 90-day removal period, *see* § 1231(a)(6), it may not detain them "indefinitely." *Zadvydas*, 533 U.S. at 699. A six-month detention is "presumptively reasonable." *Id.* at 680. This period runs only while the noncitizen is actually "detained." *Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017); *see also Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala.) ("*Zadvydas* time" cannot run "while a petitioner is not in custody"); *Chun Yat Ma v. Asher*, 2012 WL 1432229, at *3 (W.D. Wash.) (same). After six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the Government to rebut that showing. *Zadvydas*, 533 U.S. at 680.

*Jiang v. Bondi*, No. CIV 25-0922 KG/GBW, 2025 WL 3281819, at *2 (D.N.M. Nov. 25, 2025). Mr. Decilien's claim, however, is not properly characterized as a *Zadvydas* claim because Mr. Decilien is not subject to a final removal order. That is, although he has been ordered removed, he has appealed to the Board of Immigration Appeals. With this appeal pending, Mr. Decilien's removal order has not become administratively final and the removal period under *Zadvydas* has not started to run. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals.").

To the extent Mr. Decilien is asserting his detention pending the outcome of his appeal violates due process, I recommend the Court reject that claim. The Supreme Court has rejected an argument that Section 1226(a) requires periodic bond hearings every six months. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). The *Jennings* Court specifically did not reach the issue of whether prolonged detention violates constitutional rights, 583 U.S. at 312, but some lower courts have held that prolonged detention without a bond hearing can violate a noncitizen's constitutional right to due process. *See Black v. Decker*, 103 F.4th 133, 147-51 (2d Cir. 2024) (declining to adopt a brightline rule and setting forth factors to consider on a case-by-case basis as to the reasonableness of pre-removal detention); *but see Banyee v. Garland*, 115 F.4th 928,

930 (8th Cir. 2024) ("Due process imposes no time limit on detention pending deportation."). Here, Mr. Decilien has received a bond hearing, has only been detained for four months, and presents no other argument to support a due process claim while his appeal before the Board of Immigration Appeals is pending.[8]

### 3. Attorney's Fees

Lastly, I recommend that the Court deny Mr. Decilien's requests for attorney's fees under Equal Access to Justice Act ("EAJA"). Doc. 1 at 6; Doc. 4 at 4. Even if Mr. Decilien, who is proceeding pro se, was able to obtain attorney's fees, he is not the prevailing party in this matter. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.").

### RECOMMENDATION

For these reasons, I recommend that the Court DENY the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docs. 1, 4) and GRANT the Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 7).

_____
Steven C. Yarbrough
United States Magistrate Judge

---

[8] Mr. Decilien, however, does have a due process right to timely removal if his appeal is unsuccessful and he remains in custody pending removal, or to release if his removal is not reasonably foreseeable. *See Zadvydas*, 533 U.S. at 699.

8

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**