IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


DEJEAN DECILIEN,

      Petitioner,

    v.                                     Civ. No. 26-482 JB/SCY


WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal Operations,
El Paso Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

      Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before me on Petitioner Dejean Decilien's second Petition for Writ of Habeas Corpus.[1] Doc. 17. Mr. Decilien filed his original Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on February 19, 2026. Doc. 1. On April 20, 2026, I entered a Proposed Findings and Recommended Disposition ("PFRD"), recommending the Court deny the petition. Doc. 16. Objections to the PFRD are due May 4, 2026. Mr. Decilien then filed a second habeas corpus petition on April 28, 2026. Doc. 17. Because Mr. Decilien did not seek leave to amend or supplement his habeas petition, I recommend the Court strike the second Petition for Writ of Habeas Corpus (Doc. 17).

---

[1] United States District Judge James Browning referred this case to me under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 5.

To the extent Mr. Decilien is seeking to amend his habeas petition, I recommend striking such an amendment. Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. *See also* 28 U.S.C. § 2242 (an application of writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); Rules 1(b) and 12 of the Rules Governing Section 2254 Proceedings for the United States District Courts (applying the rules to other habeas corpus petitions and applying the Federal Rules of Civil Procedure). Because more than 21 days has elapsed since the original petition was served and since the United States filed a response to his petition, Rule 15(a)(1), which governs when a party may amend a pleading as a matter of course, does not apply. Instead, Rule 15(a)(2) applies. Under Rule 15(a)(2), Mr. Decilien may amend his petition "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Mr. Decilien did not obtain the opposing party's written consent or leave of the Court, Rule 15(a)(2) does not apply. Nor does Mr. Decilien cite to any other rule or authority that would empower him to file a second habeas petition at this stage of the proceedings and without consent of the United States or this Court.

To the extent Mr. Decilien is seeking to supplement his original petition, I again recommend rejecting his attempt. Under Rule 15(d), "on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Here, Mr. Decilien did not move to supplement his original petition, instead simply filing a second petition. Further, the second petition does not appear to set out any transaction, occurrence, or event that happened after the date of the original petition.

2

For these reasons, I recommend the Court strike the second Petition for Writ of Habeas Corpus (Doc. 17).

_____
Steven C. Yarbrough
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

3